### MONTGOMERY v. ERIE COUNTY COMM.

Ohio Appeals, 6th Dist., Erie Co.

No. 235. Decided April 21, 1927

**1283. WORKMEN'S COMPENSATION ACT**—Under Sec. 1465-61 par. 3, a person who is an employee of an independent contractor may recover and be treated as the employee of the original contractor, but there is nothing in the statutes that allows a recovery by the independent contractor himself. Therefore the independent contractor has no rights of recovery under the Workmen's Compensation law for a violation of Sec. 1465-76 GC.

**First Publication of this Opinion**

RICHARDS, J.

Frank R. Montgomery filed his petition in the Erie Common Pleas, to recover damages fo rpersonal injuries suffered by him. A demurrer was filed and sustained and Montgomery not pleading further, the action was dismissed at his costs.

It appears from the second amended petition that the Erie County Commissioners have maintained a tower 75 ft. high in which is a clock. Montgomery entered into a written contract in which he agreed to keep the clock in repair for one year foor $50.00 commncing April 1, 1923. The petition further avers that the Commission failed to keep the stairways, floors, etc., in good repair and that they knew that the flooring was defective and did not furnish him with a safe place to work. Montgomery was injured wheh tne floor gave way

dropping him 35 feet. The Court of Appeals held:

1. By statutes in Ohio, counties are made subject to provisions of the Workmen's Compensation Laws. The injury having occurred prior to the Constitutional amendment Art. II, Sec. 35, Montgomery contends that under Sec. 1465-76 GC. he is entitled to recover.

2. The commissioners contend that the relation of employer and employee di dnot exist between the parties, but that Montgomery was an independent contractor, for which reason the Workmen's Compensation law has no application.

3. We are satisfied that the relation of master and servant did not exist, but that Montgomery by the terms of his contract became an independent contractor and nothing more, therefore the Compensation Act has no application.

4. It is insisted, however, that the duty of a master to provide a reasonably safe place in which to work cannot be delegated to an independent contractor so as to relieve the master from such neglect of duty.

5. By the provisions of Sec. 1465-61 par. 3, a person in the service of an independent contractor may under certain circumstances be treated as the employe of the original contractor, but the terms of the statute do not provide a remedy for the independent contractor himself, and it therefore results that Montgomery has no right or action under the terms of the Workmen's Compensation Law.

6. At common law, boards of county commissioners were not liable for injuries, resulting from negligence. Liability has been created in certain cases by the terms of the Sec. 2408 GC., but the provisions of that section have no application to the present case.

Judgment affirmed.

(Williams & Lloyd, JJ., concur.)

Attorneys—John F. McCrystal and King, Ramsey & Flynn, Sandusky, for Montgomery; C. E. Myers, Pros. Atty., for Commissioners; all of Sandusky.